UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NEW HAMPSHIRE HOSPITAL ASSOCIATION, et al., | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :     CIVIL ACTION No. 1:15-cv-00460 <br> : |
| SYLVIA MATHEWS BURWELL, in her official capacity as Secretary of the United States Department of Health and Human Services, | : <br> : <br> : <br> : |
| ANDREW SLAVITT, in his official capacity as Acting Administrator, Centers for Medicare and Medicaid Services, | : <br> : <br> : <br> : |
| and | : <br> : |
| CENTERS FOR MEDICARE AND MEDICAID SERVICES, | : <br> : <br> : |
| Defendants. | : |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR FOR FAILURE TO STATE A CLAIM**

The plaintiffs, by and through counsel, respectfully object to the defendants' motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim. In support thereof, plaintiffs state as follows:

1.  42 U.S.C. § 1396r-4(g)(1) sets forth an unambiguous statutory formula for calculating the hospital-specific limit applicable to the Medicaid Act's disproportionate share hospital ("DSH") payments. By means of answers to "Frequently Asked Questions" published in January 2010 ("FAQ Nos. 33 & 34"), the defendants purported to set forth a policy that materially alters that straightforward statutory formula. Specifically, they seek to include

1

Medicare and private insurance payments as part of the formula.  They continue to enforce that policy.

2. In this case, the plaintiffs seek declaratory and injunctive relief against the defendants under the Administrative Procedure Act ("APA) in part on the grounds that they have exceeded their authority in promulgating and enforcing these policies.  The defendants have moved to dismiss on the grounds that the plaintiffs lack standing and have failed to state a claim.  The Court should deny the motion.

3. Plaintiffs have substantive and procedural standing to maintain their claims.  They have suffered and will imminently suffer concrete and particularized injuries.  The defendants' enforcement of these illegal policies will result in "recoupment" from Plaintiff Hospitals of alleged DSH overpayment, and will reduce prospective DSH payments for Plaintiff Hospitals and Plaintiff New Hampshire Hospital Association's DSH-qualifying members.

4. These injuries are directly linked to the defendants' illegal policies such that favorable preliminary and final decisions in this case will redress their injuries.  Moreover, the New Hampshire Department of Health and Human Services ("DHHS") has stated its position that if plaintiffs succeed in obtaining the relief they seek in this case, on a preliminary and final basis, they will refrain from recouping overpayments created by FAQ Nos. 33 & 34.  DHHS has further stipulated to this result with Plaintiff Hospitals in Repayment Agreements that Plaintiff Hospitals have entered into with DHHS.  Consequently, plaintiffs are able to show a likelihood of causation and redressability with respect to their injuries sufficient to confer standing in this case.  *See, e.g.*, Teton Historic Aviation Found. v. United States DOD, 785 F.3d 719, 728 (D.C. Cir. 2015) (holding that the existence of a third party does not defeat a plaintiff's standing where the "third party would very likely alter its behavior based on [the court's] decision, even if not

bound by it"); *Nat'l Parks Conservation Ass'n v. Manson*, 414 F.3d 1, 6 (D.C. Cir. 2005) (holding that state agency was not "the sort of truly independent actor who could destroy the causation required for standing" because the superintending federal agency sued "expects and intends its decision to influence the permitting authority").

5. Plaintiffs have also stated valid claims for relief. The APA permits aggrieved parties to vacate and set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C), and "without observance of procedure required by law," 5 U.S.C. § 706(2)(D).

6. FAQ Nos. 33 & 34 are inconsistent with the unambiguous language of 42 U.S.C. § 1396r-4(g)(1) and 42 C.F.R. § 447.299. *Tex. Children's Hosp. v. Burwell*, 76 F. Supp. 3d 224, 236-38 (D.D.C. 2014). They impose new legal requirements on state Medicaid agencies, independent auditors, and hospitals by forcing them to include Medicare and private insurance payments in the hospital-specific DSH payment limit calculation. *Id.* at 240-41. They also constitute state plan amendments under 42 C.F.R. § 430.12(c) that had to be, and were not, made part of the New Hampshire State Plan. Indeed, if FAQ Nos. 33 & 34 had been put through the State Plan amendment process, they would have been subject to public notice-and-comment processes under 42 U.S.C. § 1396a(a)(13)(A) and 42 C.F.R. § 447.205 because those FAQs change the DSH payment methodology in such a way as to significantly reduce the amount of DSH payment adjustments DSHs receive to their hospital rates. Consequently, FAQ Nos. 33 & 34 violate 5 U.S.C. §§ 706(2)(A), (C)-(D). They must therefore be vacated and set aside under the APA.

7. On nearly identical facts, the District Court for the District of Columbia held that the plaintiffs in that case had standing to challenge the inclusion of private insurance payments in the hospital-specific DSH limit formula as required by FAQ No. 33. The District Court so held because the plaintiffs were subject to imminent recoupment by state Medicaid agencies that indicated they would not recoup amounts created by FAQ No. 33 if the defendants were enjoined from enforcing that FAQ. *Tex. Children's Hosp.*, 76 F. Supp. 3d at 238-39. It also held that plaintiffs were likely to succeed on the merits of their claim that FAQ No. 33 constituted a legislative rule that had to be, and was not, subject to notice-and-comment rulemaking under the APA. *Id.* at 239-41. The District Court reasoned that FAQ No. 33 substantively amended the regulations by adding a new payment variable—private insurance payments—to the regulatory audit procedure contained in 42 C.F.R. § 447.299. *Id.* On that basis, the District Court preliminarily enjoined the defendants from enforcing, applying, or implementing FAQ No. 33. *Id.* at 247.

8. The plaintiffs in this case have standing for the same reasons the plaintiffs in the *Texas Children's Hospital* case have standing. The plaintiffs in this case have also stated valid claims for relief in Counts I-III of their Complaint on which they are likely to succeed on the merits. Consequently, for all of the above reasons, the defendants' motions to dismiss must be denied and plaintiffs' motion preliminary injunction must be granted.

9. In further support of this objection, plaintiffs submit a memorandum of law and the supplemental explanatory declarations of Stephen Ahnen, Henry Lipman, Michelle McEwen, Peter J. Wright, and Tina E. Naimie, all of which are incorporated by reference herein.

WHEREFORE, plaintiffs respectfully request that this Court:

A. Deny defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction or for Failure to State a Claim;

B.  Grant such further relief as the court deems just and necessary.

Respectfully submitted,

**PLAINTIFF NEW HAMPSHIRE HOSPITAL ASSOCIATION & PLAINTIFF HOSPITALS**

By Their Attorneys,

**NIXON PEABODY LLP**

Dated:  February 12, 2016

/s/ Gordon J. MacDonald
Gordon J. MacDonald, Esquire, N.H. Bar No. 11011
Anthony J. Galdieri, Esquire, N.H. Bar No. 18594
Holly J. Barcroft, Esquire, N.H. Bar No. 16463
900 Elm Street, 14th Floor
Manchester, NH  03101-2031
(603) 628-4000
gmacdonald@nixonpeabody.com
agaldieri@nixonpeabody.com
hbarcroft@nixonpeabody.com

**CERTIFICATE OF SERVICE**

I, Gordon J. MacDonald, hereby certify that on this 12th day of February 2016, a copy of the foregoing *Plaintiffs' Objection to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction or for Failure to State a Claim*, and all supporting documents associated with plaintiffs' objection, were served via the Court's electronic mail system to all parties of record.

/s/ Gordon J. MacDonald
Gordon J. MacDonald