UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

New Hampshire Hospital
Association, et al.

    v.                                    Civil No. 15-cv-460-LM
                                          Opinion No. 2016 DNH 068
Sylvia Matthews Burwell
et al.

**O R D E R**

Several New Hampshire hospitals and the New Hampshire Hospital Association, a non-profit trade association, bring this suit against the Secretary of Health and Human Services, the Centers for Medicare and Medicaid Services ("CMS"), and the Administrator of CMS, alleging that defendants have set forth certain "policy clarifications" that contradict the plain language of the Medicaid Act and violate the Administrative Procedure Act ("APA").  Defendants move to dismiss the complaint.  See doc. no. 18.  Plaintiffs object.

**Standard of Review**

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted."  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014)

(citation omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense."  Id. at 679.

## Discussion

On the same date they filed their complaint, plaintiffs moved for a preliminary injunction barring defendants from enforcing the policy clarifications during the pendency of this litigation.  See doc. no. 10.  Defendants objected to the motion, arguing, in part, that plaintiffs were unlikely to succeed on the merits of their claims.  In support of that argument, defendants asserted that plaintiffs lacked standing to pursue their claims and that the policy clarifications do not violate the APA because they are consistent with the language of the Medicaid Act and another regulation promulgated by CMS.

The court has granted plaintiffs' motion for preliminary injunction.  See New Hampshire Hosp. Assoc. v. Burwell, No. 15-cv-460-LM, 2016 WL 1048023 (D.N.H. Mar. 11, 2016).  In that order, the court held that plaintiffs were likely to show both

that they have standing to pursue their claims and that the policy clarifications violate the APA.  See id. at 6-16.

While plaintiffs' motion for preliminary injunction was pending, defendants filed a motion to dismiss.  See doc. no. 18.  In support, defendants assert that the court should dismiss the complaint because plaintiffs lack standing to pursue their claims and because the policy clarifications are valid.  Defendants' motion to dismiss incorporates by reference their objection to the motion for preliminary injunction.  As such, defendants advance the same arguments they raised in their objection to plaintiffs' motion for preliminary injunction.

For the reasons stated in the court's order granting plaintiffs' motion for preliminary injunction, plaintiffs have adequately alleged that they have standing to pursue their claims and that the policy clarifications were promulgated in violation of the APA.  Therefore, defendants' motion to dismiss is denied.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss (doc. no. 18) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 28, 2016

3

cc:     Holly J. Barcroft, Esq.
        Anthony J. Galdieri, Esq.
        James C. Luh, Esq.
        Gordon J. MacDonald, Esq.