UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NEW HAMPSHIRE HOSPITAL ASSOCIATION, et al., | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :     CIVIL ACTION No. 1:15-cv-00460 <br> : |
| SYLVIA MATHEWS BURWELL, in her official capacity as Secretary of the United States Department of Health and Human Services, | : <br> : <br> : <br> : |
| ANDREW SLAVITT, in his official capacity as Acting Administrator, Centers for Medicare and Medicaid Services, | : <br> : <br> : <br> : |
| and | : |
| CENTERS FOR MEDICARE AND MEDICAID SERVICES, | : <br> : <br> : |
| Defendants. | : |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The Plaintiffs, by and through counsel, respectfully move for summary judgment on Counts I-III of their complaint in accordance with the schedule contained in the parties' Joint Litigation Plan approved by this Court on February 11, 2016.[1]  In support therefore, the Plaintiffs state as follows.

1.     The Defendants implemented certain policies contained in two Frequently Asked Questions posted on their website ("FAQ Nos. 33 & 34").

---

[1] Without prejudice to Counts I-III of their complaint, the plaintiffs are no longer pressing Count IV of their complaint that FAQ Nos. 33 & 34 are arbitrary and capricious in light of CMS's review of certain Medicaid Access to Care Reports created by the State of New Hampshire.  The plaintiffs maintain, however, that the policies contained in FAQ Nos. 33 & 34 are invalid for the reasons set forth in Counts I-III of their complaint.

1

2. By this action, the Plaintiffs have challenged the validity of those policies under the Administrative Procedure Act ("APA").

3. Count I of the Plaintiffs' complaint alleges that the policies contained in FAQ Nos. 33 & 34 exceed the Defendants' statutory authority under 42 U.S.C. § 1396r-4(g)(1)(A) and therefore violate APA § 706(2)(C).

4. Count II of Plaintiffs' complaint alleges that the policies contained in FAQ Nos. 33 & 34 had to be, but were not, subject to notice-and-comment rulemaking under APA § 553 and therefore violate APA §§ 706(2)(A) and (D).

5. Count III of Plaintiffs' complaint alleges that the policies contained in FAQ Nos. 33 & 34 had to be, but were not, incorporated into the New Hampshire State Medicaid Plan ("State Plan") using the defendants' state plan amendment ("SPA") process, 42 C.F.R. § 430.12(c), and therefore violate APA §§ 706(2)(A) and (D).

6. Plaintiffs have substantive and procedural standing to maintain these claims. As detailed in the attached memorandum of law, Plaintiffs have, and will, suffer actual and imminent and concrete and particularized substantive and procedural injuries that are fairly traceable to the federal policies contained in FAQ Nos. 33 & 34. Moreover, a final order declaring those federal policies unlawful and vacating them will redress Plaintiffs' harm.

7. Plaintiffs are entitled to summary judgment on Count I of their complaint. 42 U.S.C. § 1396r-4(g)(1)(A) sets forth an unambiguous statutory calculation. This calculation is used to determine a hospital's specific DSH payment limit and offsets certain costs from certain statutorily defined payments. The policies contained in FAQ Nos. 33 & 34 substantively alter this unambiguous statutory calculation by adding to it new payment variables. They, therefore,

conflict with the plain language of the statute and must be declared unlawful and vacated under APA § 706(2)(C) and the Medicaid Act.

8. Plaintiffs are also entitled to summary judgment on Count II of their complaint. The policies contained in FAQ Nos. 33 & 34 constitute legislative or substantive rules that had to be, but were not, promulgated using notice-and-comment rulemaking under APA § 553. Those policies effectively amend the regulations that specify how to calculate the hospital-specific DSH payment limit, 42 C.F.R. § 447.299, by forcing hospitals to include Medicare and private insurance payments in that equation. The unambiguous provisions of 42 C.F.R. § 447.299 make no mention of including Medicare and private insurance payments in this calculation. Thus, because the policies contained in FAQ Nos. 33 & 34 substantively amend the regulations by forcing Medicare and private insurance payments to be included in the hospital-specific DSH payment limit calculation, those policies constitute legislative or substantive rules that had to be, but were not, promulgated using notice-and-comment rulemaking. They must, therefore, be declared unlawful and vacated under APA §§ 706(2)(A) and (D) and the Medicaid Act and its regulations.

9. Plaintiffs are also entitled to summary judgment on Count III of their complaint. The policies contained in FAQ Nos. 33 & 34 constitute amendments to the New Hampshire State Medicaid Plan ("State Plan") that had to be, but were not, put in place using the Defendants' state plan amendment ("SPA") process. 42 C.F.R. § 430.12(c). Moreover, before Defendants can approve SPAs that alter or change rates paid to hospitals, or alter or change rate payment methodologies, certain notice and comment processes must occur. 42 U.S.C. § 1396a(a)(13)(A) ("Section 13(A)"); 42 C.F.R. § 447.205.

10.     In this case, the policies contained in FAQ Nos. 33 & 34 did not go through the SPA process.  The State Plan from at least 2004 through 2013 defined the hospital-specific DSH payment limit calculation consistent with 42 U.S.C. § 1396r-4(g)(1)(A) and 42 C.F.R. § 447.299 and made no reference to Medicare or private insurance payments.  The FAQs alter that calculation by requiring Medicare and private insurance payments to be included in this calculation.  In so doing, the policies contained in FAQ Nos. 33 & 34 substantially depress the DSH payment adjustments Plaintiff Hospitals receive to their hospital rates.  Thus, amendment under 42 C.F.R. § 430.12(c), and notice and comment under Section 13(A) and 42 C.F.R. § 447.205, was required, but not undertaken.  Consequently, the FAQs violate the Medicaid Act and its regulations and must be declared unlawful and vacated under the APA §§ 706(2)(A) and (D).

11.     Thus, for all of the above reasons, the Plaintiffs are entitled to summary judgment on Counts I-III of their complaint.

12.     Pursuant to Local Rule 7.1(a)(2), attached hereto are the following supporting documents, all of which are incorporated herein by reference:

  a. Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion For Summary Judgment and the references to the record cited therein;

  b. Declaration of Stephen Ahnen in Support of Plaintiffs' Motion for Summary Judgment;

  c. Declaration of Henry Lipman in Support of Plaintiffs' Motion for Summary Judgment;

  d. Declaration of Michelle McEwen in Support of Plaintiffs' Motion for Summary Judgment;

e. Declaration of Peter J. Wright in Support of Plaintiffs' Motion for Summary Judgment; and

f. Declaration of Tina E. Naimie in Support of Plaintiffs' Motion for Summary Judgment.

13. Pursuant to Local Rule 7.1(d), the plaintiffs respectfully request oral argument be scheduled as the Court's calendar permits. In support of this request, the Plaintiffs state that, due to the technical nature of the governing law in this area, oral argument will assist the Court in its deliberations.

WHEREFORE, the Plaintiffs respectfully request that this Court:

A. Grant Plaintiffs' motion for summary judgment; and

B. Grant such further relief as the court deems just and reasonable.

Respectfully submitted,

**PLAINTIFF NEW HAMPSHIRE HOSPITAL ASSOCIATION & PLAINTIFF HOSPITALS**

By Their Attorneys,

**NIXON PEABODY LLP**

Dated:  April 15, 2016

*/s/ Anthony J. Galdieri, Esq.*
Gordon J. MacDonald, Esq.
N.H. Bar No. 11011
Anthony J. Galdieri, Esq.
N.H. Bar No. 18594
Holly J. Barcroft, Esq.
N.H. Bar No. 16463
900 Elm Street, 14th Floor
Manchester, NH  03101-2031
T:  (603) 628-4000
gmacdonald@nixonpeabody.com
agaldieri@nixonpeabody.com
hbarcroft@nixonpeabody.com

## **CERTIFICATE OF SERVICE**

      I, Anthony J. Galdieri, Esq., hereby certify that on this 15th day of April, 2016, a copy of the foregoing *Plaintiffs' Motion for Summary Judgment*, together with all supporting documents as set forth in Paragraph 12 of Plaintiffs' Motion, were served *via* the Court's electronic mail system to all parties of record.

                                                    */s/ Anthony J. Galdieri, Esq.*
                                                    Anthony J. Galdieri, Esq.