# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

New Hampshire Hospital
Association et al.

    v.                                      Civil No. 15-cv-460-LM
                                                   Opinion No. 2020 DNH 010

Alex M. Azar,[1] Secretary,
U.S. Department of Health
and Human Services et al.

# **O R D E R**

In November 2015, several New Hampshire hospitals[2] and the New Hampshire Hospital Association ("NHHA"), a non-profit trade association, brought this suit against the Secretary of Health and Human Services, the Centers for Medicare and Medicaid Services ("CMS"), and the Administrator of CMS. Plaintiffs alleged that defendants set forth certain "policy clarifications" regarding the method of calculating supplemental Medicaid payments to various hospitals. They alleged these policy clarifications were issued in responses to frequently asked questions posted on medicaid.gov, and that both the

---

[1] Alex M. Azar became Secretary of the U.S. Department of Health and Human Services on January 29, 2018, replacing Thomas Price. See Fed. R. Civ. P. 25(d).

[2] Plaintiff hospitals are Mary Hitchcock Memorial Hospital, LRGHealthcare, Speare Memorial Hospital, and Valley Regional Hospital, Inc.

policies themselves and the manner in which they were promulgated contradicted the plain language of the Medicaid Act and violated the Administrative Procedure Act ("APA").

On March 2, 2017, the court granted in part plaintiffs' motion for summary judgment, holding that defendants' enforcement of the policy clarifications set forth in the responses to the frequently asked questions violated the APA. N.H. Hosp. Ass'n v. Burwell, No. 15-cv-460-LM, 2017 WL 822094, at *8-14 (D.N.H. Mar. 2, 2017) ("March 2 Order"). The court permanently enjoined defendants from enforcing the policies in the responses to the frequently asked questions. Id. at *12 n.16. Defendants appealed the March 2 Order, and the First Circuit Court of Appeals affirmed.[3] N.H. Hosp. Ass'n v. Azar, 887 F.3d 62 (1st Cir. 2018).

After the appeal concluded, NHHA moved for an award of attorneys' fees, arguing that it is entitled to recover such fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §

---

[3] After the court issued the March 2 Order, defendants published a final rule regarding the calculation of the supplemental payments. See Medicaid Program: Disproportionate Share Hospital Payments—Treatment of Third Party Payers in Calculating Uncompensated Care Costs, 82 Fed. Reg. 16114-02, 16117 (Apr. 3, 2017) ("2017 Rule"). The 2017 Rule expressly included within its text the policies that had been set forth in the responses to the frequently asked questions. That rule has since been vacated. See Children's Hosp. Ass'n of Texas v. Azar, 300 F. Supp. 3d 190 (D.D.C. 2018).

2

2412.  Defendants objected, arguing that NHHA is not entitled to attorneys' fees under the EAJA and, if it is, that those fees must be substantially reduced.

On March 28, 2019, the court granted NHHA's motion for attorneys' fees and costs to the extent NHHA seeks to recover fees and costs under the EAJA at the rate provided in that order.  See doc. no. 83.  Although the court held that NHHA was entitled to fees and costs under the EAJA, the order stated:

> As discussed above, defendants raise certain legitimate concerns regarding NHHA's request for fees and costs.  For example, NHHA seeks, but is not entitled to recover, attorneys' fees and costs related to: 1) administrative proceedings; 2) dealing with the State outside of this litigation; 3) opposing the State's efforts in this case; and 4) lawsuits other than the instant action.  In addition, defendants' complaints that certain entries are vague, over-redacted, or show unnecessary fees incurred, are valid.

Id. at 39.  The court ordered the parties to confer and attempt to reach an agreement as to the appropriate award of attorneys' fees and costs in accordance with the parameters of the order.  The court also stated that if the parties were unable to reach an agreement, NHHA may file an amended motion for attorneys' fees costs.

The parties did not reach an agreement as to NHHA's request for attorneys' fees and costs.  In accordance with the court's order, NHHA has filed an amended motion for attorneys' fees and costs.  Doc. no. 93.  Defendants object.

3

**DISCUSSION**

In its amended motion, NHHA represents that it removed all entries in its billing records that fell into the four categories identified by the court as non-compensable under the EAJA. It also reduced certain time entries that did not comply with the court's order (such as those that were vague or showed unnecessary fees incurred) and provided unredacted time entries. The result is a request for attorneys' fees in the amount of $302,159.08, which represents a 22% reduction from the amount requested in its original motion for fees and costs, and a request for $3,124.06 in costs.

Defendants object to NHHA's amended motion. They argue that the revised fee request includes numerous billing entries that are improper under the court's order and not compensable under the EAJA. They point to 23 specific entries in NHHA's counsel's billing records that purportedly fall outside of the EAJA's purview.[4]

Defendants further contend that the revised fee request is not adequately documented and does not distinguish amounts that are compensable from those that are not. Specifically, defendants note that during the relevant time frame, NHHA's

---

[4] NHHA's counsel's billing records include 627 entries.

counsel was spending significant time dealing with the State of New Hampshire and seeking relief from CMS through administrative processes, which, as the court held, is not compensable under the EAJA. Defendants argue that it is impossible from NHHA's attorneys' billing records to separate non-compensable tasks from compensable time spent on this case. They therefore request that the court reduce NHHA's fee request by 30 to 40 percent to account for these deficiencies.

I. Specific Entries

Defendants point to 23 entries that they argue include time spent on matters that are not compensable under the EAJA. Defendants claim that these entries represent time spent either: (1) on cases other than the instant action, (2) dealing with parties other than defendants in this litigation, or (3) actions relating to CMS but which are not connected to this case. These 23 entries are:

- Three entries from November 2017 that, in light of the timing and description, appear to relate to subsequent litigation concerning the 2017 Rule;
- An October 18, 2017, entry for paralegal time for downloading an amicus brief submitted by a non-party, the State of New Hampshire;

5

- An October 25, 2017, entry for paralegal time spent reviewing and preparing an administrative record, despite no administrative record being filed in this case;
- Eleven entries involving communications with Senior Assistant Attorney General Nancy J. Smith, who represented the State of New Hampshire, a non-party in this case;
- A November 6, 2015, entry for work including "public messaging";
- An April 5, 2017, entry for work including "work on disclosures to rating agencies";
- A February 1, 2016, entry for attorney time including "two conference calls regarding agreement letter with the State of New Hampshire";
- An October 22, 2016, entry for attorney time including discussion of "providing comments on new CMS proposed rulemaking";
- A March 2, 2017, entry for attorney time including discussion of "strategy for responding to recent efforts indicating State may not follow through on DSH payment obligations";
- An October 25, 2017, entry for attorney time including "Review administrative record produced by DOJ," despite no administrative record being produced in this case; and

- A December 5, 2017, entry for attorney time reviewing an amicus brief.

In addition, defendants seek a reduction of $1092.24 in NHHA's request for costs, arguing that this amount represents time spent copying and delivering the June 2015 petition to CMS, which is not time spent in connection with this lawsuit.

In its objection, NHHA does not address the majority of the entries defendants identify. It argues, however, that the October 17 and December 5, 2017 entries for time spent downloading and reviewing an amicus brief filed in support of defendants' position on appeal should be compensable under the EAJA because it was necessary to review those briefs in connection with defendants' appeal of the judgment in this case.

Neither NHHA nor defendants offer any caselaw in support of their position regarding whether reviewing an amicus brief is compensable under the EAJA. Defendants note, however, that the court previously held that NHHA was not entitled to compensation under the EAJA for work done in opposing the State's efforts to intervene and file an amicus brief in this case. See doc. no. 83 at 29-31. Work performed in opposition to a non-party's efforts to participate in a case, however, is not the same as time spent reviewing filings in the record. The EAJA seeks to compensate plaintiffs for attorneys' fees "incurred in opposing government resistance" in a litigation. Love v. Reilly, 924

F.2d 1492, 1496 (9th Cir. 1991). Time spent reviewing the State's amicus brief, which raised arguments in support of defendants' position and which NHHA needed to address in the context of its appeal, falls within that category. The fact that the filing was an amicus curiae brief does not automatically remove it from the EAJA's purview. See, e.g., Nadarajah v. Holder, 569 F.3d 906, 922 (9th Cir. 2009) (holding that time spent consulting with amicus curiae was compensable under the EAJA).

Therefore, the entries regarding time spent downloading and reviewing the State's amicus brief are compensable under the EAJA. Defendants' remaining challenges to specific time entries and costs are persuasive, and those amounts are deducted from NHHA's request for costs and fees.[5]

## II. Additional Challenges

Defendants also contend that NHHA's request for fees should be reduced by 30 to 40 percent to account for the fact that many entries do not distinguish amounts that are compensable from

---

[5] The court notes that many of the excluded entries include certain tasks that appear to be compensable. Because NHHA does not raise that issue, and because the EAJA must be strictly construed in favor of the government, see Ardestani v. I.N.S., 502 U.S. 129, 137 (1991), the court excludes these entries in their entirety.

those that are not.[6]  They note that during the litigation, NHHA's attorneys spent significant resources on other matters related to Medicaid Disproportionate Share Hospital payments on behalf of the plaintiff hospitals, many of which are not associated with opposing defendants' efforts in this case. Defendants argue that several entries lump various distinct activities together, such that it is impossible to discern whether those actions were done in connection with this case. Therefore, defendants request an overall 30 to 40 percent reduction.

Although NHHA's attorneys were acting on its behalf in opposing CMS's efforts outside of this litigation during the relevant time period, none of the remaining entries appears to include time spent on those efforts.  NHHA submitted in support of its application the declaration of one of its attorneys, W. Scott O'Connell, which states that the remaining entries relate entirely to time spent opposing defendants' efforts in this case.  There is nothing in the billing entries—other than the specific entries discussed above—to suggest otherwise.

---

[6] Defendants arrive at the 30 to 40 percent figure by comparing this case to other cases in which courts have reduced fee requests under the EAJA by a percentage.  Defendants note that the 30 to 40 percent request is lower than the more significant reductions in the cases they cite, which they assert accounts for NHHA's prior efforts to remove inappropriate billing entries.

Therefore, the court will not reduce NHHA's request by an overall percentage.

III. Summary

NHHA is entitled to $296,332.88 in attorneys' fees, which represents the amount of attorneys' fees it seeks to the extent those entries are supported by its attorneys' billing records, less the amount included in the entries defendants identify that are not compensable under the EAJA. NHHA is also entitled to $2,031.82 in costs, which is the amount it seeks less the costs incurred in copying and delivering the June 2015 petition.

**CONCLUSION**

For the foregoing reasons, NHHA's amended motion for attorneys' fees and costs (doc. no. 93) is granted as provided in this order.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

January 22, 2020

cc: Counsel of Record.